IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br>   10 S. Howard Street, 3rd Floor<br>   Baltimore, MD 21201,<br><br>             Plaintiff,<br><br>      v.<br><br>MVM, Inc.,<br>   6401 Security Blvd.<br>   Woodlawn, MD 21207<br><br>             Defendant. | Civil Action No.<br><br>COMPLAINT<br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation, and to provide appropriate relief to Monique Wilson ("Wilson"), and a class of aggrieved female employees, who were adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant MVM, Inc. ("Defendant" or "MVM") unlawfully discriminated against Wilson and a class of aggrieved female employees by subjecting them to sexual harassment and/or a sexually hostile work environment. The Commission further alleges that Defendant retaliated against Wilson by terminating her employment after she complained about the sexual harassment and sexually hostile work environment.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a California corporation doing business in the State of Maryland and the County of Baltimore, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit Wilson filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On or around July 20, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated as to Wilson and a class of aggrieved female employees, and inviting Defendant to join with the Commission in

informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On September 13, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least August 2014, Defendant has engaged in unlawful employment practices in violation of Sections 703(a)(1) and 704(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a)(1). The unlawful employment practices include:

   a) subjecting Wilson and a class of aggrieved female employees to sexual harassment and a sexually hostile work environment based on their sex (female); and

   b) retaliating against Wilson by terminating her employment for complaining about sexual harassment and a sexually hostile work environment.

13. Defendant is a diversified security services firm that employs security guards. In or around August 2014, the Social Security Administration (SSA) awarded Defendant a contract to provide security services for its Woodlawn campus. Defendant inherited employees from the SSA's previous contract, including Wilson, an armed security guard, and Lieutenant Alexander

Gough, who was promoted to Acting Site Manager in or around August 2014. Gough was Wilson's third-line supervisor.

14. As Acting Site Manager, Gough subjected Wilson to inappropriate sexual comments on a consistent basis, including pointing to her vagina and saying "hello," asking her when she planned to "let him come over," and referring to her children as his own. He also subjected her to unwanted physical touching, including hugging her, kissing her forehead, and once placed his hands in her pant pockets and attempted to touch her vagina. Gough's behavior persisted despite her repeated protests.

15. In addition to Wilson, Gough regularly subjected a class of aggrieved female employees to unwanted sexual behavior, including, but not limited to:

    a. Subjecting a female employee to unwanted comments, including telling her to leave her boyfriend to "get with him," commenting that she looked like she "would ride the shit out of him and give him a heart attack." He also referred to her as "chocolate" or "sexy." On one occasion, he pushed his genitals against her leg, and asked why she refused to give him a chance. On another occasion, Gough pulled her by her arm and tried to kiss her in front of a supervisor.

    b. Subjecting another female employee to repeated comments about her breasts, including how big they were, how he wanted to suck on them and see them "bouncing up and down" while she "rode" him. On several occasions, he asked her to send him explicit pictures, and at other times, made suggestive faces, including licking his lips while telling her that her lips were "suckable and juicy" and "[your lips] look like you could suck some mean dick." Gough

4

      once told her she needed to "drop [her] little boy and get with a real man, so [he] [could] handle [her] the right way" and asked that she "let [him] do [her]" because he knew her husband could not "do her right." After the female employee married, Gough would remark, "I'm still going to hit that."

   c. Subjecting another female employee to comments about her baby being his and telling her that she should name the baby after him. He once asked her why she worked for MVM. When she questioned the reason for his inquiry, he stated "your body, you know . . . you should be doing something else."

   d. Grabbing another female employee's hand, rubbing her back, and trying to hug her on a weekly basis. On one occasion, Gough grabbed her hand and tickled it with his finger and made reference to how big he was "down there."

16.   Gough regularly subjected a class of aggrieved female employees to inappropriate comments and unwanted touching in front of other supervisors and high-level managers.

17.   On or around February 18, 2016, Gough cornered Wilson on an elevator, grabbed her face and while taunting that he was "going to get a piece of that," kissed her lips without her consent. Wilson complained to management and identified several witnesses who would be able to corroborate certain facts leading up to the February 18 assault.

18.   On or around February 29, 2016, McHale questioned Wilson about her complaint, during which time she informed him that Gough may have harassed other women. At no time did McHale interview any of Wilson's witnesses.

19.   On March 1, 2016, Defendant terminated Wilson for complaining about sexual harassment and Defendant's sexually hostile work environment.

20.     The effect of the practices complained of above has been to deprive Wilson and the class of aggrieved female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female), and to further deprive Wilson of such rights for engaging in protected activity.

21.     The effect of the practices complained of above has been to deprive Wilson and the class of aggrieved female employees of equal employment opportunities and otherwise adversely affect their rights under Title VII, resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

22.     The unlawful employment practices complained of above were intentional.

23.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Wilson and the class of aggrieved female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, subjecting employees to a hostile work environment based on sex, and from retaliating against persons who engage in protected activity;

B.     Order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant to make whole Wilson and the class of aggrieved female employees by providing appropriate back pay with prejudgment interest, in amounts to be

determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement;

D.  Order Defendant to make whole Wilson and the class of aggrieved female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial;

E.  Order Defendant to make whole Wilson and the class of aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

F.  Order Defendant to pay Wilson and the class of aggrieved female employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the EEOC its costs of this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney

_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2733 (phone)
(410) 962-2221 (fax)