# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MVM, INC.,<br><br>Defendant. | Civil Action No. TDC-17-2881 |

## MEMORANDUM OPINION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") has filed suit against Defendant MVM, Inc. ("MVM") alleging that MVM subjected a class of female employees to a hostile work environment based on sex and unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a) (2012). Pending before the Court is MVM's Motion to Dismiss and the EEOC's Motion to Strike portions of MVM's Motion and its accompanying affidavit. Having reviewed the Complaint and the briefs, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6 (2016). For the reasons set forth below, MVM's Motion to Dismiss is DENIED, and the EEOC's Motion to Strike is GRANTED.

## BACKGROUND

The EEOC is a federal agency tasked with administering, interpreting, and enforcing Title VII. MVM is a security services firm, incorporated in California, that employs security guards in the State of Maryland.

In August 2014, the United States Social Security Administration ("SSA") awarded a contract to MVM to provide security services for its campus in Woodlawn, Maryland. MVM inherited certain personnel from the SSA's previous contract, including Monique Wilson and Alexander Gough. Gough was the Acting Site Manager and in that capacity supervised Wilson, an armed security guard. According to the Complaint, Gough consistently subjected Wilson to inappropriate, sexually explicit comments and unwanted physical touching, despite her repeated requests that he stop. Gough also regularly subjected other female employees to similar comments and physical contact, including in the presence of SSA supervisors and managers.

On February 18, 2016, Gough cornered Wilson on an elevator and kissed her without her consent. Wilson complained to management and identified several witnesses who would be able to corroborate certain facts leading up to the assault. On February 29, 2016, MVM's General Counsel, Christopher McHale, questioned Wilson about her complaint. Although Wilson informed him that Gough may have harassed other women, McHale did not interview any of the witnesses she had identified. On March 1, 2016, MVM terminated Wilson.

Wilson then filed a charge of discrimination with the EEOC in which she alleged that MVM had violated Title VII. On July 20, 2017, the EEOC issued a Letter of Determination to MVM in which it stated that it had found reasonable cause to believe that MVM had violated Title VII as to Wilson and other female employees and invited MVM to participate in conciliation with the EEOC. The EEOC then engaged in communications with MVM to provide an opportunity for MVM to remedy the discriminatory practices described in the Letter of Determination. On September 13, 2017, after concluding that it could not secure an acceptable conciliation agreement from MVM, the EEOC issued to MVM a Notice of Failure of Conciliation. On September 28, 2017, the EEOC filed the present case on behalf of Wilson and

a class of aggrieved female employees, alleging that MVM violated Title VII by subjecting them to sexual harassment and a sexually hostile work environment and by firing Wilson in retaliation for reporting that harassment.

## DISCUSSION

In its Motion to Dismiss, MVM argues that the Complaint must be dismissed because the EEOC has not satisfied Title VII's conciliation requirement, a condition precedent to filing suit. In its Motion to Strike, the EEOC requests that the Court strike portions of MVM's memorandum in support of its Motion and an accompanying affidavit because they convey information from conciliation discussions, in violation of 42 U.S.C. § 2000e-5(b).

### I. Motion to Dismiss

Although MVM characterizes its Motion as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), its motion is properly classified as a motion to dismiss for failure to state a claim under Rule 12(b)(6). In *Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645 (2015), the United States Supreme Court held that the appropriate remedy for a failure to satisfy Title VII's conciliation requirement is to order the EEOC to engage in conciliation and to stay the case, if necessary, to allow for such discussions. *Id.* at 1656. In so ruling, the Court did not describe the conciliation requirement as jurisdictional and effectively concluded that a court could exercise jurisdiction over the case even before conciliation had been satisfactorily completed. *See id.* Under these circumstances, and in the absence of a clear statement in the statute that the conciliation requirement is jurisdictional, this Court construes the Motion as seeking dismissal for failure to state a claim under Rule 12(b)(6). *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006); *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 469 (5th Cir. 2009).

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

MVM argues that the EEOC's complaint must be dismissed because the EEOC has not satisfied the requirement in Title VII that the EEOC must "endeavor to eliminate any . . . alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion" before filing suit in federal court. 42 U.S.C. § 2000e–5(b). The Supreme Court has recently provided guidance on the parameters of this requirement. In *Mach Mining*, the Court held that the EEOC's compliance with the conciliation requirement is subject to judicial review, but described such an inquiry as a "relatively barebones" review to ensure that the EEOC has "communicate[d] in some way (through conference, conciliation, and persuasion) about an alleged unlawful employment practice in an endeavor to achieve an employer's voluntary compliance." *Mach Mining*, 135 S. Ct. at 1656 (internal citations omitted).

Specifically, such a review is conducted to ensure that the EEOC has satisfied two requirements. First, the EEOC must have "inform[ed] the employer about the specific allegation, as [it] typically does in a letter announcing its determination of 'reasonable cause.' Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result." *Id.* at 1655-56 (internal citation omitted). Second, the

4

EEOC must "try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *Id.* at 1656.

Courts are to review only whether the EEOC has satisfied these two requirements "and nothing else." *Id.* Notably, a court "looks only to whether the EEOC attempted to confer about a charge, and not to what happened (i.e., statements made or positions taken) during those discussions." *Id.* Because the EEOC has "expansive discretion . . . to decide how to conduct conciliation efforts and when to end them," judicial review does not extend to considering the EEOC's conduct during the conciliation process or whether it negotiated in good faith. *See id.* at 1653-54. Matters such as the "pace and duration of conciliation efforts, the plasticity and firmness of its negotiating positions, the content of its demands for relief," and "strategic decisions such as whether to make a bare-minimum offer, to lay all its cards on the table, or to respond to each of an employer's counter-offers," all lie beyond the scope of judicial review. *Id.* at 1654.

Courts need not, and in fact are not permitted to, review the specific communications or conduct of the conciliation discussions. *See id.* Title VII specifically provides: "Nothing said or done during and as part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned." 42 U.S.C. § 2000e-5(b). "Such limited review respects the expansive discretion that Title VII gives to the EEOC over the conciliation process, while still ensuring that the Commission follows the law." *Mach Mining*, 135 S. Ct. at 1653.

Here, the EEOC has established that it complied with both prongs of Title VII's conciliation requirement. First, on July 20, 2017, the EEOC issued to MVM a Letter of

5

Determination in which it notified MVM that it had uncovered evidence that Wilson had been subjected to "unwanted sexual comments, stares, and touching" while working at MVM, that she was terminated for complaining about the harassment, and that "a class of female employees were also subjected to unwanted sexual comments and touching," sometimes in the presence of or with the knowledge of management. Letter of Determination at 1, Mem. Opp. Mot. Dismiss Ex. B, ECF No. 9-3.[1] The EEOC informed MVM that it had found reasonable cause to believe that Wilson "was sexually harassed and subjected to a sexually hostile work environment" and "was discharged in retaliation for engaging in protected activity." *Id.* at 2. The Letter further concluded that "since at least March 2014, a class of females have been sexually harassed and subjected to a hostile work environment, in violation of Title VII." *Id.* The Letter then proposed a conciliation process, noted that it was an "opportunity to voluntarily remedy the unlawful employment practices," and invited MVM to respond to a specific conciliation proposal. *Id.* According to the EEOC, it "engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination," but "the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission." Compl. ¶¶ 7-9, ECF No. 1. Thus, on September 13, 2017, the EEOC issued a "Notice of Failure of Conciliation" to MVM.

Although MVM argues that the EEOC failed to meet Title VII's conciliation requirement, it has submitted a declaration by McHale which effectively confirms that the EEOC met that requirement. In his declaration, McHale acknowledged that MVM had received notice of the allegations when he stated that "on or about July 20, 2017, the EEOC issued a

---

[1] Because the Letter of Determination is of undisputed authenticity and is integral to the Complaint, it may be considered in resolving the Motion to Dismiss. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

Determination with respect to the Charge, finding that Ms. Wilson was sexually harassed, subjected to a sexually hostile work environment, and discharged in retaliation for engaging in protected activity" and concluding "that since at least March 2014, a 'class of females' has been sexually harassed and subjected to a hostile work environment." McHale Decl. ¶ 4, Mot. Dismiss Ex. 1, ECF No. 5-2. By further stating that "the EEOC presented a conciliation proposal for the full and final resolution of the matter," and that MVM "negotiated in good faith with the EEOC to resolve this matter short of litigation," McHale confirmed that the EEOC attempted to engage with MVM in discussions that gave MVM an opportunity to remedy the allegedly discriminatory practice. *Id.* ¶ 6.

Nevertheless, MVM claims that the EEOC failed to satisfy the conciliation requirement for two reasons. First, MVM asserts that the Letter of Determination was "entirely devoid of any specific details describing the nature of the act(s) related to the purported sexual harassment and/or sexually hostile work environment" such as "specific date(s) of incident(s), where these alleged act(s) occurred, MVM's employees involved, the allegedly aggrieved 'class of female[s],' the number of females in this purportedly aggrieved class of females, and *any* facts describing the purported sexual harassment and/or sexually hostile work environment." Mot. Dismiss at 7, ECF No. 5-1. Second, MVM argues that EEOC did not comply with the conciliation requirement when it failed to respond to an offer by MVM and adopted "a 'take-it-or-leave-it' approach." *Id.* at 9.

Under *Mach Mining*, however, these objections do not provide a basis to find a failure to comply with the conciliation requirement. The Letter of Determination sufficiently described the conduct and the employees who suffered as a result, including specifically identifying the primary charging party, Wilson, such that MVM had notice of the potential claims against it.

7

MVM has offered no authority requiring that a Letter of Determination contain the level of factual detail it now demands. *See Ariz. ex rel. Horne v. Geo Group, Inc.*, 816 F.3d 1189, 1196, 1198-99 (9th Cir. 2016) (holding that the EEOC satisfied the conciliation requirement even though it did not name each member of the class of aggrieved employees); *EEOC v. Bass Pro Outdoor World, L.L.C.*, 826 F.3d 791, 804-05 (5th Cir. 2016) (same); *see also Mach Mining*, 135 S. Ct. at 1654, 1656 (noting that whether to "lay all its cards on the table" in the conciliation process is left to the EEOC's discretion).

As for the alleged "take-it-or-leave-it" approach, *Mach Mining* directs that the Court's review of the conciliation process not extend to matters that fall within the EEOC's broad discretion, including "strategic decisions such as whether to make a bare-minimum offer" and whether "to respond to each of an employer's counter-offers." *Mach Mining*, 135 S. Ct. at 1654. Indeed, based on *Mach Mining*, courts have declined to take the type of "deep dive" into the conciliation process that MVM asks this Court to take here. *See Bass Pro Outdoor World*, 826 F.3d at 804-05 (rejecting a review of the sufficiency of conciliation efforts as inconsistent with *Mach Mining*); *Ariz. ex rel. Horne*, 816 F.3d at 1198-99 (holding that the EEOC "clearly satisfied" Title VII's conciliation requirement where it sent a reasonable cause letter which stated that a "class" of female employees had been subjected to discrimination, participated in a formal mediation session with the employer, and proposed a settlement offer).

MVM's reliance on *EEOC v. Agro Distribution, LLC*, 555 F.3d 462 (5th Cir. 2009), and *EEOC v. OhioHealth Corp.*, 115 F. Supp. 3d 895 (S.D. Ohio 2015), is misplaced. *Agro*, which pre-dates *Mach Mining*, imposed a requirement of good-faith conciliation by the EEOC, including specific required steps, which was plainly rejected and effectively overruled by *Mach Mining*. *Agro*, 555 F.3d at 468; *Mach Mining*, 135 S. Ct. at 1654 (rejecting a good-faith

8

requirement). Citation of such a case for purposes of establishing the applicable standard is inappropriate and misleading. Likewise, *OhioHealth*, although post-dating *Mach Mining*, involved a detailed analysis of the conciliation process to assess whether there was a "good faith conciliation effort," *OhioHealth*, 115 F. Supp. 3d at 898, that is inconsistent with the guidance of *Mach Mining* that the court may give consideration "only to whether the EEOC attempted to confer about a charge, and not to what happened . . . during those discussions," *Mach Mining*, 135 S. Ct. at 1656. Such an analysis was most likely undertaken because the EEOC itself opened the door to such analysis by submitting a summary of the conciliation efforts. *OhioHealth*, 115 F. Supp. 3d at 898. This Court finds that, under *Mach Mining*, such an inquiry is inappropriate under the present facts.

Congress has provided "the EEOC with wide latitude over the conciliation process." *Mach Mining*, 135 S. Ct. at 1652. Here, the EEOC has acted well within that wide latitude. Because the EEOC complied with Title VII's conciliation requirement, MVM's Motion to Dismiss will be denied.

**II.    Motion to Strike**

The EEOC moves to strike portions of MVM's memorandum of law in support of its Motion to Dismiss and its accompanying declaration on the ground that they disclose information about the conciliation process between the EEOC and MVM, in violation of 42 U.S.C. § 2000e-5(b). Federal Rule of Civil Procedure 12(f), the only procedural rule addressing motions to strike, states that a court may, on its own or on a party's motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although Rule 12(f) does not address motions to strike matter containing in court filings other than pleadings, "the Court does have inherent authority to strike

other documents." *Anusie-Howard v. Todd*, 920 F. Supp. 2d 623, 627 (D. Md. 2013), *aff'd* 615 F. App'x 119 (4th Cir. 2015). "Inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

Specifically, a court may exercise the inherent power to strike where "Title VII prohibits the disclosure of the matters to be struck." *U.S. Equal Employment Opportunity Commission v. Dimensions Healthcare System*, 188 F. Supp. 3d 517, 522 n.5 (D. Md. 2016). As discussed above, Title VII directs that "[n]othing said or done during and as a part of . . . informal endeavors" to conciliate may be "used as evidence in a subsequent proceeding without the written consent of the persons concerned." 42 U.S.C. § 2000(e)-5(b). Here, MVM has offered as evidence facts about the exchanges made during the conciliation process as stated in the McHale Declaration and has referred to those facts in its memorandum of law, including information about requests made by MVM, the number of proposals to which it agreed, and the number to which it made counteroffers. Title VII expressly prohibits the disclosure of such evidence of what was "said or done during and as a part of" conciliation. *Id.* Indeed, in *Mach Mining*, the Supreme Court criticized the district court for failing to strike from the record "descriptions of the conciliation process." *See Mach Mining*, 135 S. Ct. at 1655. The Court stated that, by failing to strike such evidence, the district court "failed to give effect to [Title VII's] non-disclosure provision" and thus "undermined the conciliation process itself, because confidentiality promotes candor in discussions and thereby enhances the prospects for agreement." *Id.* The Court will therefore grant the Motion to Strike and will also bar any future reference in this case to what was "said or done during conciliation." 42 U.S.C. § 2000e-5(b).

## CONCLUSION

For the foregoing reasons, MVM's Motion to Dismiss is DENIED, and the EEOC's Motion to Strike is GRANTED. A separate Order shall issue.

Date: April 18, 2018

THEODORE D. CHUANG
United States District Judge