UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

U.S. EQUAL EMPLOYMENT
OPPORUNITY COMMISSION,

    Plaintiff,

    v.

MVM, INC.,

    Defendant.

Civil Action No. TDC-17-2881

**ORDER**

On February 28, 2020, United States Magistrate Judge Gina L. Simms issued an Order granting in part and denying in part a Motion for Sanctions filed by Plaintiff the United States Equal Employment Opportunity Commission ("EEOC").  In relevant part, Judge Simms found that Defendant MVM, Inc. ("MVM") did not arrange for the preservation of, and did not timely notify the EEOC of the existence of, certain video recordings and access card reader evidence relating to an alleged sexual assault on February 18, 2016 of a female MVM employee by her supervisor, and that the EEOC suffered prejudice as a result.  Order at 2, ECF No. 112.  As a sanction, Judge Simms ruled that an existing video excerpt that is purportedly relevant to the events at issue in this case, which MVM planned to use at trial, should be excluded.  MVM timely filed Objections to the Magistrate Judge's Order.  *See* Fed. R. Civ. P. 72(a).  MVM alleges a number of errors, including that Judge Simms applied the incorrect standard for determining whether MVM had control of the electronically stored information consisting of video recordings and electronic access card reader data at issue here (collectively, "the ESI"), that Judge Simms came to an erroneous conclusion as to the date on which a duty to preserve the ESI was triggered, and that she

erred in ordering sanctions because the evidence would have been destroyed in the ordinary course before that date.

Under Federal Rule of Civil Procedure 72(a), when a United States Magistrate Judge issues an order resolving a non-dispositive matter referred to that judge for resolution, a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed R. Civ. P. 72(a). Here, the Motion for Sanctions is a non-dispositive matter, and MVM's objections were timely filed, so the Court applies the Rule 72(a) standard. *See id.* (stating that a party has 14 days from issuance of a report and recommendation to file objections). A "district court can overturn the magistrate's judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). This standard is intentionally high because a lower standard would defeat the efficiency gains made from referring non-dispositive issues to a magistrate judge: "It is not the function of objections to discovery rulings to allow wholesale re-litigation of issues resolved by the magistrate judge." *Berman v. Congr. Towers L.P.*, 325 F. Supp. 2d 590, 592 (D. Md. 2004).

Here, after careful consideration of Judge Simms's thorough analysis and all of MVM's objections, the Court is not left with a definite and firm conviction that a mistake has been made. It will therefore overrule the objections and will discuss only certain objections in detail.

Turning first to MVM's assertion that it was not subject to sanctions because it lacked control over the ESI, and that Judge Simms misapplied the test for determining whether MVM had control over the relevant evidence, the Court finds no error. MVM argues that the test for control has two requirements: legal right and practical ability. However, in *Goodman v. Praxair Services, Inc.*, 632 F. Supp. 2d 494 (D. Md. 2009), the authority relied upon by Judge Simms, the court

applied a disjunctive test, holding that for documents to be subject to production in discovery under Rule 34, "documents are considered to be under a party's control when that party has 'the right, authority, or practical ability to obtain the documents from a non-party to the action.'" *Id.* at 515 (citing *In re NTL., Inc. Securities Litigation*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007)). Applying such a rule to the context of when a party has a duty to preserve evidence is consistent with controlling precedent. In *Silvestri v. General Motors Corp.*, 217 F.3d 583 (4th Cir. 2001), the United States Court of Appeals for the Fourth Circuit affirmed the district court's conclusion that the plaintiff had breached the duty not to spoliate evidence by failing to preserve material evidence or to notify the opposing party of the availability of the evidence despite the fact that the plaintiff did not own the ultimately destroyed evidence or "even control it in a legal sense" but only had "access" to it. *Id.* at 591-92. In light of this case law, the Court does not find that Judge Simms applied the wrong legal standard.

MVM alternatively argues that Judge Simms erroneously concluded that it had the practical ability to obtain the surveillance video evidence because it was in the custody of the Social Security Administration ("SSA") and, in its estimation, MVM did not have the requisite "collaborative, cooperative relationship" with the SSA that would have given it the practical ability to obtain the surveillance videos. Obj. at 8, ECF No. 114. The evidence, however, established that MVM provided security services to the SSA, that an SSA official was actively involved alongside MVM personnel in MVM's investigation into the allegations at issue, that SSA gave MVM access to the relevant video evidence simply through oral requests, and that MVM successfully arranged for the one remaining excerpt to be preserved. The Court finds no basis to disturb Judge Simms's factual conclusion on the extent and nature of MVM's working relationship with SSA and MVM's practical ability to secure the relevant evidence.

3

MVM also objects to Judge Simms's findings on the dates that MVM had a duty to preserve the evidence and to notify the EEOC of its existence. Although MVM criticizes Judge Simms's identification of the date of June 29, 2016—the date when the EEOC sent its initial notice to MVM of a pending Charge of Discrimination—as the trigger date for MVM's duties, Judge Simms also made the finding that by March 21, 2016, there was already a "general duty to preserve" the ESI. Tr. at 33, ECF No. 115-1. "The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri*, 271 F.3d at 591. By February 25, 2016, MVM was aware that the alleged victim was considering filing a sexual harassment claim, and by March 2, 2016, criminal charges were being sought against the MVM supervisor. In the same time frame, MVM had terminated both the alleged victim and the MVM supervisor, and by March 17, 2016, the alleged victim had initiated a legal action to obtain unemployment benefits. Where MVM knew in March 2016 that both civil and criminal actions were looming, it reasonably should have known of the relevance to those actions of any video recordings and evidence relating to the incident. The Court therefore agrees that there was a general duty to preserve in March 2016 and finds no error in Judge Simms's generous determination that the duty to notify the EEOC arose on June 29, 2016.

The Court also finds unpersuasive MVM's related argument that a sanction is inappropriate because all relevant evidence had been destroyed by June 29, 2016, such that the EEOC suffered no prejudice. First, as discussed above, there was a duty to preserve the evidence no later than March 21, 2016, just over 30 days after the incident, and there were numerous events prior to that date which put MVM on notice that litigation should be anticipated. Second, though Judge Simms noted the SSA's claim that surveillance video recordings were generally available

4

for up to 30 days, she also found that despite this claimed time constraint, MVM had been able to obtain video evidence more than three years after the events at issue. Where there was a basis to conclude that the 30-day period was not a guaranteed bar to the recovery of evidence, and where the record establishes that the investigation had begun, and there was a likelihood of litigation, within the first 30 days after the incident, the Court finds no error in Judge Simms's conclusion that EEOC suffered prejudice as the result of MVM's failure to preserve the relevant video recordings. It likewise finds no merit to MVM's remaining objections.

Under Rule 37(e), the rule invoked by the EEOC in its Motion, sanctions to cure prejudice may be awarded "[if] electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e)(1). Based on Judge Simms's findings, the ESI should have been preserved in anticipation of litigation as early as March 2016, and MVM failed to take reasonable steps to preserve it, such as by working with the SSA, its client which was jointly participating in the investigation of the incident, just as it did in relation to the one excerpt that has been preserved. Where the EEOC successfully demonstrated prejudice, Judge Simms's award of sanctions was warranted.

Accordingly, it is hereby ORDERED that MVM's Objections, ECF No. 114, are OVERRULED.

Date: October 30, 2020   /s/ *Theodore D. Chuang*
                                                         THEODORE D. CHUANG
                                                         United States District Judge