IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>MVM, INC.,<br><br>    Defendant. | No. 1:17-cv-02881-TDC |

## CONSENT DECREE

1. The parties to this Consent Decree ("Decree") are plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States government, and Defendant MVM, Inc. ("MVM" or "Defendant").

2. This Action was instituted on September 28, 2017 by EEOC against MVM, alleging that Defendant violated Sections 703(a)(1) and 704(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a)(1), by subjecting Monique Wilson ("Wilson"), and a class of aggrieved female employees, to sexual harassment, including a sexually hostile work environment. The Commission further alleged that Defendant retaliated against Wilson by terminating her employment after she complained about the sexual harassment, including the sexually hostile work environment, in violation of Title VII.

3. The parties desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII. As such, the parties consent to the entry of this Decree as

1

final and binding between EEOC and MVM. This Decree represents a compromise of disputed claims that the Parties recognize would require additional protracted litigation to resolve. It does not constitute an adjudication by this Court on the merits of the allegations of the Complaint or on the defenses thereto. Nothing contained in this Decree shall be construed as an admission by either Party as to the merits of the claims or defenses of the other Party.

4. The Parties agree and stipulate that: this Court has jurisdiction over the subject matter of this litigation and over the Parties for the term of the Decree; this Court has the authority to enter and enforce the Decree; venue in this Court is proper; and all administrative prerequisites and/or conditions precedent to the Action have been met.

5. MVM agrees and stipulates that EEOC has named all necessary parties in this Action and that MVM has the authority and capacity to provide in full the monetary, injunctive, and other equitable relief required by the Decree.

## DEFINITIONS

6. The following definitions shall apply to this Decree:

(a) **"Action"** – The civil action filed by EEOC against MVM at Case No. 1:17-cv-02881-TDC before the U.S. District Court for the District of Maryland.

(b) **"Charge"** – The charge of discrimination identified in the Complaint as one which Monique Wilson filed on or about August 15, 2016.

(c) **"Charging Party"** – Charging Party shall mean Monique Wilson; the individual for whom EEOC seeks relief.

(d) **"Class Member"** – A Class Member is: (1) a female current or former MVM employee; (2) who worked at the Social Security Administration facility located at 6401 Security

2

Blvd., Woodlawn, MD; and (3) whom EEOC previously identified as being an aggrieved female in this lawsuit.

    (e)    **"Court"** – The U.S. District Court for the District of Maryland.

    (f)    **"Effective Date"** – The date on which the Court enters the Decree.

    (g)    **"Exigent Circumstances"** - Unforeseeable events causing material disruption or alteration of MVM's business or operations, including but not limited to natural disasters, acts of God, pandemics, security breaches, and acts of terrorism. These examples are intended to inform the meaning of the term.

    (h)    **"Parties"** - EEOC and MVM, collectively.

    (i)    **"Party"** – Either EEOC or MVM.

    (j)    **"SSA Facility"** – The SSA Facility shall mean the Social Security Administration facility located at 6401 Security Blvd., Woodlawn, MD where Defendant was contracted to provide security services.

## FINDINGS

7.    Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

    (a)    The Court has jurisdiction of the subject matter of this Action and of the Parties.

    (b)    The Court shall retain its jurisdiction for the term of the Decree for the purpose of entering all orders, judgments, and/or agreements that may be necessary to implement and enforce the Decree.

8. The Court has examined this Decree and finds that its terms are adequate, fair, reasonable, equitable, and just. The rights of the EEOC, MVM, the Charging Party and Class Members, and the public interest are adequately protected by this Decree.

9. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person or party. The entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties, the Charging Party, the Class Members, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

### SCOPE OF DECREE

10. This Decree resolves all issues and claims in the Action filed by the EEOC in this Title VII matter, which emanated from the Charge filed by the Charging Party. Except as provided in this Decree, this Decree in no way affects the EEOC's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

11. The terms of this Decree shall be binding upon the directors, officers, and managers of Defendant. In the event that there is a transfer of ownership of Defendant during the Term of the Decree, Defendant shall provide prior written notice to any potential purchaser of Defendant's business, provided that as part of said transaction its employees will become employed by the purchaser, of the existence and contents of this Consent Decree.

12. This Decree will become effective on the date of approval by the Court and will remain in effect until its expiration date, which will be two years after the Effective Date.

13. This Decree resolves all claims in this Action. EEOC will not use the Charge (or the EEOC's findings) identified in the Complaint as the basis for filing any other claim or lawsuit against MVM, nor will EEOC bring any Title VII or other claim arising out of the events which led to this action against MVM seeking equitable or injunctive relief or damages for the Charging Party or Class Members, or any other individual who worked for MVM at the SSA facility.

14. Upon entry of the Decree, the Court will dismiss the Action with prejudice, subject to the Court's retained jurisdiction to resolve any claims or disputes concerning the Decree and to enter any order, judgment, or agreement concerning implementation, enforcement, or amendment of the Decree.

## **MONETARY RELIEF**

15. Defendant shall pay the total amount of $200,000 for the purposes of resolving all claims that were made against Defendant in this Action.

### **Relief to Charging Party Monique Wilson**

16. Within thirty (30) calendar days after the entry of this Decree Defendant shall pay Monique Wilson a total of $100,000, representing $45,000 in backpay, including interest, $55,000 in compensatory damages. Defendant shall administer proper withholdings from the backpay portion for taxes and required employee contributions for FICA and Medicare. Defendant's required employer contributions for FICA and Medicare are separate from, and shall not be deducted from, the portion of the payment representing compensatory damages. Within five (5) business days of the execution of the Decree, the EEOC shall provide Defendant with Wilson's current address and a properly executed Release, attached as Exhibit A. The check will be sent directly to Wilson. A photocopy of the checks and related correspondence will be mailed

in accordance with paragraph 38, below. Defendant shall issue to Wilson an IRS Form 1099 to document the compensatory damages and an IRS W-2 form to document the backpay on or before the date required by the Internal Revenue Service for the 2021 tax year.

17. Within thirty (30) calendar days of the Effective Date, Defendant shall draft a letter of mitigation for Monique Wilson. The letter shall be printed on MVM official letterhead, signed by Defendant's Vice President of Human Resources, and shall state that Wilson separated from Defendant under circumstances which since have been resolved and that Defendant does not regard her as an involuntary termination.

18. Within five business days of the Effective Date, Defendant shall remove any records which reflect that Monique Wilson was terminated for cause and shall modify all termination forms and information to reflect that her official reason for leaving was a voluntary resignation. All future reference checks (both written and oral) and letters of reference will be limited to the following information: Wilson's name, dates of employment, job title(s), job duties, salary (if requested), and the reason for termination was a voluntary resignation. All requests for references shall be handled by MVM Human Resources.

### Relief to Class Members

19. Defendant shall establish a claimant fund in the amount of $100,000 for the allocation of compensatory damages for all aggrieved individuals ("Class Members"). The amount of monetary relief awarded each Class Member shall be determined solely by EEOC in an amount not to exceed cumulatively, the amount of the fund. Within ten (10) business days of the date of entry of the Consent Decree, the EEOC shall provide Defendant with the names, current addresses, and amounts payable to each Class Member, along with a completed W-9

6

form and executed Release, attached as Exhibit A, for each Class Member to whom payment will be made.

20. Within ten (10) business days of written notice by the Commission, Defendant shall mail all checks directly to each such Class Member at the current address provided by the EEOC, and copies of each check and related correspondence shall be mailed in accordance with paragraph 39, below. Defendant will issue an IRS Form 1099 for the 2021 tax year for each Class Member.

21. Defendant shall promptly notify EEOC in writing if any checks are returned or not cashed after a period of thirty (30) calendar days has elapsed after being mailed. In the event that a Class Member elects not to cash her check, the remainder of the claimant fund shall be distributed to Monique Wilson as additional compensatory damages. In no event shall there be any reversion of any part of the settlement funds to Defendant or the EEOC.

## INJUNCTIVE RELIEF

22. Defendant is enjoined from engaging in any employment practice in violation of Title VII that discriminates against employees by creating a hostile work environment based on sex. Such discrimination violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer – (1) . . . to discriminate against any individual with respect to [her] . . . terms, conditions, or privileges of employment, because of such individual's . . . sex . . . .

42 U.S.C. § 2000e-2(a)(1).

23. Defendant is enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in an investigation, proceeding, or hearing under Title VII, asserted any rights under this Decree, or benefitted from

the relief provided by this Decree. Such retaliation violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer –to discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3.

### Harassment Policies and Complaint Procedures

24. Defendant shall keep in place its Equal Employment Opportunity Policy, which includes the items listed in Exhibit B, attached hereto.

25. Defendant shall continue to publish its Equal Employment Opportunity Policy in an employee handbook or other appropriate format, including on its intranet website, if applicable and distribute the policy, in the same manner as other MVM employment policies are distributed, to employees. Defendant shall continue to provide the document containing its Equal Employment Opportunity policy to new employees upon hire.

### Training

26. On an annual basis for the duration of this Decree, Defendant shall continue to provide virtual, online or in-person training on Defendant's Equal Employment Opportunity policy, including harassment prevention and/or compliance training to its managers, all Human Resources personnel and any individual involved in handling employee discrimination complaints or investigations. Defendant shall provide such training to all future employees who are hired or promoted into the same or similar positions.

8

27. All employees who are or will be involved in responding to or investigating complaints of discrimination assigned to any federal government facility where MVM holds a contract for security services shall be provided annual training for the duration of this Decree on accepted professional standards for receiving and investigating complaints of discrimination, including witness interview techniques, evidence-gathering techniques, taking and maintaining investigative notes and records, analyzing collected evidence, and other methods for eliminating and ameliorating violations of anti-discrimination laws.

28. Defendant shall provide such training to all future employees who are hired or promoted into the same or similar positions set forth above.

### Posting

29. Within ten (10) calendar days after the Effective Date, to the extent that it has not already done so, Defendant shall post the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted.

### INTERNAL CONSENT DECREE MONITOR

30. By the Effective Date, MVM shall appoint as Internal Monitor MVM's Vice President of Human Resources to oversee MVM's implementation of the terms of this Decree. The Internal Monitor shall possess the knowledge, capability, and resources to monitor and ensure MVM's compliance with the terms of the Decree. The Internal Monitor shall also possess a reasonable base of knowledge regarding Title VII requirements and human resources management. MVM shall assign the Internal Monitor the responsibility of monitoring and ensuring Decree compliance.

31. In the event the Internal Monitor's employment with MVM ends, the Monitor is promoted or transferred into a different position from which he or she can no longer serve as the Internal Monitor, or cannot continue to serve as the Internal Monitor for any other reason, MVM will, within 30 days, appoint another Internal Monitor subject to the approval of EEOC – which will not be unreasonably withheld.

## REPORTING AND MONITORING

32. **Preliminary Reporting.** Within one-hundred eighty days (180) days of the Effective Date, the Internal Monitor identified above shall provide the EEOC with the following:

(a) Verification that the posters have been posted;

(b) Verification all training has been completed.

33. **Periodic Reporting.** For the duration of this Decree, on an annual basis, the Internal Monitor shall prepare a report which will identify all current or former employees assigned to any federal government facility in the Mid-Atlantic region of the United States where MVM holds a contract for uniformed security officer services who complained (internally or externally) of or reported a hostile work environment on the basis of sex or retaliation during that year. This report will include, at minimum, each employee's name; home address; home telephone number; date the complaint was made; nature of the individual's complaint; to whom the complaint was made or with whom filed (e.g., Defendant's union(s), the EEOC, or any Fair Employment Practice Agency tasked with accepting discrimination/harassment charges); any investigation and/or action taken in response to said complaints. If no individual complains of or reports a hostile work environment on the basis of sex, or retaliation during that year, the Internal Monitor shall inform the EEOC of the same.

34. With the report, the Internal Monitor shall submit all data in electronic form where available, and otherwise in hard copy form. The reporting period will begin on the Effective Date, and will end two years after the Effective Date.

35. The EEOC may monitor compliance during the duration of this Decree by requesting to review training materials and inspection of any federal government facility in the Mid-Atlantic region where MVM holds a contract for uniformed security officer services. Upon ten (10) days' notice by the EEOC, Defendant will make available for inspection and copying any records reasonably requested by the EEOC, so long as the information sought is narrowly-tailored, necessary and consistent with the monitoring of this Decree. Defendant shall comply with a request for additional records within thirty (30) calendar days of the request.

## **EXIGENT CIRCUMSTANCES**

36. The Parties recognize that MVM's operations may change in response to Exigent Circumstances, including in response to the COVID-19 pandemic. To the extent MVM is unable to comply with all or part of a term(s) of this Decree due to Exigent Circumstances, such non-compliance will not constitute a violation of the Decree. If MVM believes an Exigent Circumstance exists that renders MVM unable to comply with the Decree, MVM will notify EEOC as soon as practicable under the Dispute Resolution process of this Decree.

## **DISPUTE RESOLUTION**

37. Nothing in the Decree shall be deemed to create any rights on the part of any entity or individual, other than the Parties, to enforce the Decree. All rights concerning enforcement are vested exclusively in EEOC and MVM.

38. In the event that either Party believes the other Party has failed to comply with any provision of this Decree, the Party shall:

11

(a) Notify the other Party in writing of the alleged non-compliance by email and regular U.S. mail. That Party shall within thirty (30) calendar days of service of the written notice respond to the allegations of non-compliance by email and regular U.S. mail addressed to its designated representative in accordance with the paragraph on representative contacts below; and

(b) Afford that Party at least thirty (30) calendar days after service of the written notice to meet and confer and, as warranted, remedy the alleged non-compliance.

(c) If the alleged offending Party fails to cure the non-compliance, the Party alleging non-compliance may apply to the Court to enforce the provision in the Decree.

39. All materials required by this Decree to be sent to the EEOC shall be emailed and/or addressed to:

>Equal Employment Opportunity Commission
>Baltimore Field Office
>Attention: Maria Salacuse
>George H. Fallon Federal Building
>31 Hopkins Plaza, Suite 1432
>Baltimore, MD 21201
>Email: Maria.Salacuse@eeoc.gov

40. All materials required by this Decree to be sent to MVM shall be emailed and/or addressed to:

>Littler Mendelson, P.C.
>Attention: Alison Davis
>815 Connecticut Avenue, N.W., Suite 400
>Washington, DC 20006
>Email: andavis@littler.com ;
>
>copy to: HRSupport@mvminc.com

41. The Commission and Defendant shall bear their own costs and attorneys' fees in connection with this Action, including in any proceeding to effect and enforce the Decree.

42. If one or more provisions of the Decree are rendered unlawful or unenforceable by act of Congress or by decision of the United States Supreme Court, the Parties shall engage in reasonable efforts to amend the Decree in order to preserve or effectuate, in a lawful manner, the purpose or intent of the conflicting provision. In any event, all other provisions of the Decree shall remain in full force and effect.

43. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

**SO ORDERED.**

Signed and entered this 8th day of January, 2021

Theodore D. Chuang
United States District Judge

FOR PLAINTIFF:

Sharon Fast Gustafson
General Counsel

Gwendolyn Reams
Associate General Counsel

/s/ Debra M. Lawrence
Debra M. Lawrence
Regional Attorney
(Signed by Maria Salacuse with permission)

/s/ Maria Salacuse
Maria Salacuse (Bar No. 15562)
Assistant General Counsel for Technology
U.S. EQUAL EMPLOYMENT OPPORTUNITY

FOR DEFENDANT:

/s/ Alison N. Davis
Alison N. Davis (Fed. Bar No. 27987)
(Signed by Maria Salacuse with permission of Alison N. Davis)
andavis@littler.com
Kimberly J. Duplechain (admitted *pro hac vice*)
kduplechain@littler.com
815 Connecticut Avenue, NW
Suite 400
Washington, DC 20006-4046
Tel: 202.772.2533
Fax: 866.724.3975

COMMISSION
Office of General Counsel
131 M St. NE
Washington, DC 20507
Phone: (202) 663-4752
maria.salacuse@eeoc.gov

Counsel for Plaintiff Equal Employment
Opportunity Commission

Joon Hwang, Esq. (admitted *pro hac vice*)
jhwang@littler.com
1650 Tysons Boulevard, Suite 700
Tysons Corner, Virginia 22102
Tel: 703.286.3136
Fax: 703.373.2628

Counsel for Defendant MVM, Inc.

## Exhibit A

## EEOC v. MVM, Inc. (D. Md. 1:17-cv-02881-TDC)

SPECIFIC RELEASE OF CLAIMS FOR COVERED AGGRIEVED INDIVIDUAL

I, [name], understand that the Equal Employment Opportunity Commission ("EEOC") and MVM, Inc. ("MVM") settled the above lawsuit through a Consent Decree. I also understand that EEOC considers me to be an aggrieved individual covered by and entitled to a payment under the Decree.

In exchange for and effective upon my receipt of the payment of [payment amount], which is valuable consideration, I acknowledge and agree to the following terms in this Specific Release of Claims ("Release"):

1. The payment may be issued in two parts, separately reflected on an Internal Revenue Service ("IRS") Form W-2 and an IRS Form 1099 near the end of the calendar year in which payment is made. Unlike monies reported on Form W-2, monies reported on Form 1099 will not be reduced for taxes or other payroll deductions and I understand that I may owe taxes on the amounts reported to me on IRS Form W-2 or Form 1099.

2. I hereby waive and release any claims of discrimination under Title VII against MVM and its directors, officers, employees, agents, successors, and assigns (collectively "Company") based on an allegation that before [Effective Date from Decree] the Company subjected me to a hostile work environment based on sex while employed or in connection with my employment at MVM, as alleged in *Equal Employment Opportunity Commission v. MVM, Inc.* (D. Md. 1:17-cv-02881-TDC).

3. The payment is not an admission of wrongdoing of any kind by the Company.

4. The only consideration offered to me for signing this Release is the payment and no other promises or assurances have been made to me by the Company, EEOC, and/or any other entity or person as an inducement for me to sign the Release.

5. MVM has made no representations, warranties, or promises of any kind regarding the tax consequences of the payment, and I am responsible for any federal, state, and local taxes required by law to be paid by me with respect to the payment.

6. I have carefully read this Release and fully understand the extent and importance of its provisions. I am competent to execute this Release, have had a full opportunity to consider and understand its terms and to consult with my own advisors, and have voluntarily decided to sign this Release.

_____        _____
Signature                                                                  Date


_____
Name (Please Print)


Changed address (if applicable):

_____

_____

## Exhibit B

## Harassment Policies and Complaint Procedures

1. Clear definitions of [basis] harassment and retaliation, with examples where appropriate.

2. Statements prohibiting harassment and retaliation.

3. A statement encouraging employees to report incidents of harassment.

4. Convenient, confidential, and reliable mechanisms for reporting incidents of harassment.

5. Reported incidents will be investigated by MVM's Human Resources team.

6. Contact information for Human Resources personnel.

7. Broad dissemination of an online hotline or telephone number for reporting incidents of harassment.

8. A statement that reports of harassment can be made to any managerial employee and to any member of defendant's human resources staff.

9. A requirement that any managerial, or human resources employee who observes or otherwise obtains information regarding harassment report such information to the head of defendant's human resources office.

10. A requirement that when identifiable information from any source is received by a supervisory, managerial, or human resources employee indicating that harassment may have occurred, an investigation of the possible harassment will be conducted.

11. A statement that all individuals contacted in the course of a harassment investigation will be assured that no form of retaliation or reprisal against an individual who, in good faith, reported, provided information regarding, or was the alleged target of harassment will be tolerated and that any such retaliation or reprisal will result in serious disciplinary action, including discharge.

12. Target timetables for the commencement and completion of harassment investigations.

13. A requirement that harassment investigations be conducted in a discrete manner that does not embarrass or intimidate the alleged targeted individual or any other person contacted during the investigation.

14. A requirement that appropriate remedial action be taken upon conclusion of an investigation.

15. A requirement that the results of each harassment investigation, including any remedial or disciplinary action proposed or taken, be formally communicated to the individual(s) reporting the harassment and to the target of the alleged harassment.

16. A requirement that all information related to a harassment investigation be retained in a designated file.

17. A requirement that any individual who engages in prohibited harassment, or retaliates against a person who reports or complains about harassment or participates in a harassment investigation be appropriately disciplined and that a record of such discipline be placed permanently in the individual's personnel file.

18. A requirement that supervisors or managers who are found to have permitted harassment to occur, failed to report harassment, or failed to implement measures reasonably calculated to remedy harassment be appropriately disciplined and that a record of such discipline be placed permanently in their personnel files.

19. Statement that defendant's policies and procedures for reporting and investigating incidents of alleged harassment will also apply to incidents of alleged retaliation.